UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ANATOLY MYLNIKOV; IRINA :
MOVSHOVICH, :
    Plaintiffs, :
    v. : No. 2:07-cv-36
ALBERTO GONZALES, ATTORNEY :
GENERAL OF THE UNITED STATES; :
MICHAEL CHERTOFF, SECRETARY OF :
THE DEPARTMENT OF HOMELAND :
SECURITY; EMILIO GONZALEZ, :
DIRECTOR, UNITED STATES :
CITIZENSHIP AND IMMIGRATION :
SERVICES ("USCIS"); PAUL NOVAK, :
DIRECTOR, USCIS VERMONT SERVICE :
CENTER; UNITED STATES :
DEPARTMENT OF JUSTICE; UNITED :
STATES DEPARTMENT OF HOMELAND :
SECURITY; USCIS; ROBERT MUELLER :
III, DIRECTOR, FEDERAL BUREAU :
OF INVESTIGATION, :
    Defendants. :

## ORDER

Plaintiffs Anatoly Mylnikov and Irina Movsovich are a married couple living in the United States with temporary immigrant status. In December, 2004, Plaintiffs filed an application for adjustment to permanent resident status with the United States Citizenship and Immigration Services ("USCIS"). To date, USCIS has not adjudicated Plaintiffs' application.

Defendants have moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 4.) In

particular, Defendants argue (1) that the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over the adjudication of permanent resident applications; (2) that judicial review under the Administrative Procedure Act ("APA") is precluded when an action is committed to agency discretion;(3) that the Court lacks jurisdiction under the federal mandamus statute; and (4) that the plaintiffs have failed to state a claim since the delay is unavoidable.  For the reasons set forth below, the defendants' motion is DENIED.

## I.  Factual Background

In June, 2001, Mylnikov's employer filed an application for alien employment certification on his behalf with USCIS.  (Comp. ¶ 10.)  After USCIS approved the certification application in June, 2004, Mylinkov's employer filed an I-140 petition on his behalf.  *Id*.  On December 2, 2004, Plaintiffs filed an I-485 application for adjustment to permanent resident status with USCIS Vermont Service Center based on Mylnikov's approved I-140 petition.  *Id*. ¶ 11.  Almost three years later, Plaintiff's I-485 application remains pending with USCIS.  *Id*. ¶ 14.  Plaintiffs state that they have made numerous inquiries regarding their application and have been notified only that USCIS is awaiting the results of required security checks.[1]  *Id*. ¶ 15.

---

[1]  Plaintiffs have also contacted Senator Robert Menendez's office requesting assistance in obtaining further information, but the Senator's office has been unable to resolve the

Defendants concede that the delay is attributable to mandatory security checks being performed by the Federal Bureau of Investigations ("FBI").  Defendants inform the Court that USCIS conducts "several forms of security and background checks to ensure that [an applicant] is eligible for the benefit and that he or she is not a risk to national security or public safety." (Brouillette Decl. ¶ 3.)  The FBI received the Plaintiffs' name check requests on or about December 22, 2004. (Cannon Decl. ¶ 22.)  Plaintiff Movshovich's name check was completed on May 16, 2006, and forwarded to USCIS "in due course."  *Id.* ¶ 22. Plaintiff Mylnikov's name check was also received by the FBI on December 22, 2004, but has not yet been completed.  *Id.* ¶ 23.

According to the Declaration of Michael A. Cannon, Section Chief of the National Name Check Program Section at the Headquarters of the FBI, name checks are conducted in the order that they are received.  *Id.* ¶ 19. However, there are factors that may delay the processing of a name check, including the number of matches or "hits" that must be retrieved and reviewed.[2]

---

situation.  *Id*. ¶ 16.

[2]  Defendants also submit that there is a significant case backlog, due in part to the re-submission of 2.7 million names for additional review after September 11, 2001.  Of those 2.7 million names, over 440,000 indicated that the FBI might have additional information. Id. The FBI is still in the process of resolving those 440,000 requests.   (Jones Decl. ¶ 22.)

(Cannon Decl. ¶ 20; Jones Decl. ¶ 24.)  Defendants have not offered any specific reasons for the delay in processing Mylnikov's name check.

## II.  Analysis

In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted).

The Court recently had before it another mandamus action, *He v. Chertoff*, No. 2:07-CV-14, 2007 U.S. Dist. LEXIS 65236 (D. Vt. Sept. 4, 2007).  The Government raised identical legal arguments in its motion to dismiss in that case.  In denying that motion, the Court provided a detailed analysis of all the questions of law.  In particular, the Court held the following: (1) that "the INA does not divest it of subject matter jurisdiction," *id*. at *12; (2) that "the Court has subject matter jurisdiction under the APA," *id.* at *14;  (3) "that jurisdiction under the mandamus statute is appropriate," *id.* at *15; and (4) that the plaintiffs

4

have not failed to state a claim given that the defendants' affidavits only "explain the delay in general terms." *Id.*

The reasoning and conclusions in *He* apply with equal force to the instant case. Accordingly, the motion to dismiss must be denied.

### III. Conclusion

The Court hereby DENIES Defendants' Motion to Dismiss (Doc. 4). The parties shall submit a proposed discovery schedule within 30 days.

Dated at Burlington, Vermont this 25th day of October, 2007.

        /s/ William K. Sessions III
        William K. Sessions III
        Chief Judge